IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

   v.

WISCONSIN DEPT OF CORRECTIONS,
AMBER DAVIS, MS. BECKWITH, CO HAHN,
NURSE JANE DOE #1, CO DOES #1–14,
LT. DOES #1–5, CO DOES #5–11,
CO BAYER, and NURSE DOES #2–3,

                Defendants.

OPINION and ORDER

24-cv-873-jdp

---

      Plaintiff Brandon D. Bradley, Sr., proceeding without counsel, is incarcerated at Columbia Correctional Institution (CCI). Bradley alleges that CCI staff violated his rights in a variety of ways. But Bradley's ability to file lawsuits in the court is limited both by statue and by court sanctions. I will dismiss this case because Bradley's complaint does not comply with these restrictions.

      Bradley has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of him incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury at the time he filed the lawsuit. S*ee Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). Also, because of Bradley's long history of filing complaints that violated Federal Rule of Civil Procedure 20 by containing unrelated claims against different sets of government officials, I sanctioned him by stating that I would summarily dismiss any similarly flawed complaint he submits that clearly violates Rule 20. *See Bradley v. Novak*, No. 20-cv-328-jdp, Dkt. 27, at 3 (W.D. Wis. Dec. 15, 2020).

After Bradley continued to file complaints that did not comply with these restrictions, I barred him further from filing any case-initiating documents other than habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm, even if he prepaid the full filing fee. *Bradley v. Barrett*, No. 22-cv-239-jdp, 2022 WL 1302882, at *2 (W.D. Wis. May 2, 2022).

Bradley's current complaint again raises multiple sets of claims that do not belong together in the same lawsuit. Bradley alleges that another inmate sexually harassed him and that prison officials ignored Bradley after he harmed himself, humiliated Bradley by moving him through the prison while he was topless despite Bradley being transgender, and use segregation as a form of protective custody rather than granting his request to be kept separate from another fellow inmate.[1]

Bradley asks to proceed under the imminent-danger exceptions to § 1915(g) and my sanctions orders. His allegation that another inmate threatens to attack him if he is released to general population comes close to meeting this standard, but he doesn't suggest that he is facing release to general population; instead he argues that staff is violating his rights by keeping him in segregation as a protective-custody strategy. And in any event, Bradley's complaint does not comply with the filing restrictions that I have placed on him because he is bringing multiple claims that do not belong together in one lawsuit under Rule 20. I will dismiss this case for Bradley's failure to comply with the sanctions against him. If Bradley files another lawsuit

---

[1] In previous cases, plaintiff has called himself Brittney Bradley and the court has referred to Bradley using feminine pronouns. In his current complaint, Bradley uses masculine pronouns to refer to himself, so the court will do the same.

about being threatened by a fellow inmate, he will need to name as defendants the officials who are exposing him to the risk of assault and why he believes that such a threat is imminent.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for expedited screening, Dkt. 3, is DENIED as moot.
2. This case is DISMISSED under this court's sanctions against plaintiff.
3. The clerk of court is directed to enter judgment and close this case.

Entered October 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge